### JOHNSON et al. v. McMILLAN.

Court of Appeals of Kentucky.
March 7, 1952.

Taylor G. Smith, Lexington, for appellants.

Clay & Rosebaum, Lexington, for appellee.

COMBS, Justice.

The appeal is from a judgment reforming a deed which appellee executed to the appellant Marshall Johnson in June, 1947.

Appellee had owned a lot on Wilgus Avenue in Lexington for approximately 40 years. The lot fronted on Wilgus Avenue for a distance of 95 feet, and had a depth of approximately 135 feet. Two houses were located on the lot; one, a brick residence, being listed as 327 Wilgus Avenue, and the other, of frame construction, bearing the number 329 Wilgus Avenue. In the summer of 1947, appellee listed the property for sale with J. B. Johnson, a real estate agent and brother of appellant, Marshall Johnson. At that time Marshall Johnson was an employee in his brother's real estate office. The agent located a purchaser by the name of Everett Nickell for the brick residence, and appellee signed a contract of sale. The contract was assigned by Nickell to Marshall Johnson, and appellee executed the deed in question to him. The description in the deed covers appellee's entire lot and both of the houses. Marshall Johnson thereafter conveyed the property by the same description to his wife, Grace M. Johnson, the date of this conveyance not being shown.

Testimony in the case was heard by the Master Commissioner. He found that the deed conveying the entire lot to Marshall Johnson was executed by mutual mistake, and that appellants should be required to reconvey to appellee the northern portion of the lot on which the frame house is

located.. Exceptions to the Commissioner's report were overruled, and judgment was entered accordingly.

Appellants contend the proof is insufficient to warrant reformation of the deed, and that the judgment in any event is erroneous as to Grace M. Johnson because she is an innocent purchaser.

There is ample proof to sustain the judgment reforming the deed. In fact, there is little proof to the contrary. Nickell admits he intended to purchase only the brick house and the lot appurtenant thereto. Marshall Johnson admits he intended to buy only one house. The real estate agent's son testified it was understood the two pieces of property were to be sold separately. The attorney who prepared the deed from appellee to Marshall Johnson testified he understood the instrument was to cover the property known as 327 Wilgus Avenue. He was under the impression, however, there was only one house on the property, and the description was obtained by reference to the deed from appellee's grantor.

We now discuss the contention that Grace M. Johnson is an innocent purchaser. It was alleged in the petition that she accepted the deed with knowledge of the mistake in the description; that she paid no consideraton, and that the deed was executed to her for the purpose of defrauding the appellee. Although these allegations were denied by appellants, the circumstances under which the deed was executed, plus the relationship between the parties, were sufficient to place the burden of proof on the grantee to prove the bona fides of the transaction. As was said in the case of Cloud v. Middleton, 241 Ky. 595, 44 S.W.2d 559, 561: "This being a conveyance between spouses, the law casts the burden upon the vendec to prove a valuable consideration and the bona fides of the transaction." (Citing cases.) To the same effect is National Bank of Kentucky's Receiver v. Brashear, 270 Ky. 256, 109 S.W. 609.

Appellants contend that because it was stated in the petition that Mrs. Johnson was not an innocent purchaser, appellee had the burden of proof. They rely on the line of cases which hold that a party who pleads an unnecessary fact, e. g., consideration

for a negotiable promissory note, has the burden of proving that fact. Also cited on this point is Louisville & N. R. Co. v. Literary Society of St. Rose, 91 Ky. 395, 15 S.W. 1065. Those cases are not applicable here. The facts relative to the conveyance from Marshall Johnson to his wife were not pleaded unnecessarily. It was necessary to plead these facts, or some of them, in order to state a cause of action against Mrs. Johnson.

The Johnsons testified that although no money was actually paid as consideration for the deed, Marshall Johnson was indebted to his wife for her interest in a farm which had been sold by them and the property was conveyed to her in satisfaction of that debt. It is noted, however, that Marshall Johnson testified the indebtedness had existed for four years, while Mrs. Johnson testified her husband had owed her the money for only two months. Although the question of innocent purchaser is not discussed either in the Commissioner's report or in the court's judgment, the effect of the judgment is that Grace M. Johnson failed to sustain the burden of proving she was an innocent purchaser for value without notice of the infirmity in her husband's title. We agree with this finding.

Appellants also contend that even though the deed should be reformed, the lower court did not correctly locate the dividing line between the two pieces of property. It is established by the testimony that many years ago a privet hedge, remnants of which are still visible, was maintained between the two houses and the court fixed this as the division line between the two pieces of property. Appellee testified this was always considered the line and that the son of the real estate agent, in making measurements of the lots prior to the sale, treated the hedge as the line between the two lots. It is true that a garage located on the back of lot No. 329 extends 4 feet over on lot No. 327. Regardless of this, the preponderance of the testimony indicates that the privet hedge has for several years been considered the division line, and we think the court was correct in so holding.

The judgment is affirmed.